### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, CEMENT, LIME, GYPSUM & ALLIED WORKERS DIVISION, LOCAL LODGE NO. D-173, | Civil Action<br><br>No. |
| Plaintiff, | |
| v. | |
| CEMEX, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

### CIVIL COMPLAINT

Plaintiff International Brotherhood of Boilermakers, Cement, Lime, Gypsum & Allied Workers Division, Local Lodge No. D-173, by undersigned counsel, files this civil complaint and in support states the following:

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Section 5 of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2104(a)(5), and 28 U.S.C §1331.

### II. The Parties

2. Plaintiff International Brotherhood of Boilermakers, Cement, Lime, Gypsum & Allied Workers Division, Local Lodge No. D-173, ("Local D-173"), is an unincorporated labor organization with its headquarters at 1953 Boyd School Road Wampum, Lawrence County, Pennsylvania 16157.

3. Local D-173 is a party to a collective bargaining agreement with Defendant CEMEX and is recognized by CEMEX, Inc. as the exclusive collective bargaining representative of the employees covered by the collective bargaining agreement at the CEMEX plant facilities located at

2001 Portland Park, Wampum, Pennsylvania 16157.

4. During all relevant times, Local D-173 represented approximately 120 employees employed by CEMEX at the plant.

5. Defendant CEMEX, Inc is a corporation. At all times relevant CEMEX employed more than 120 employees at its Wampum Cement Plant, located at 2001 Portland Park, Wampum, Pennsylvania 16157.

### III. Factual Background

6. In a letter dated January 8, 2010, CEMEX notified David Argiro, President of Local D-173 that CEMEX planned a ***"temporary reduction"*** in the workforce at its Wampum, Pennsylvania facility beginning in March 2010.

7. In that letter, attached as Exhibit 1, CEMEX stated the temporary separations were to begin on or about March 19, 2010.

8. On or about March 26, 2010, CEMEX announced that it was making permanent reductions in its workforce at the Wampum cement plant due to the cessation of cement production.

9. On or about that date, CEMEX ceased cement production at its Wampum plant.

10. The written notice provided on March 26, 2010 was the first official notification that the employees of the plant or their exclusive representatives received from CEMEX that cement production would be permanently ceased, and that the employees would be permanently eliminated.

11. CEMEX refuses to compensate those the employees represented by Local D-173 for failure to give sixty (60) days notice of a permanent reduction and cessation of cement production.

## Count I
## WARN Act Violation

12.    Plaintiff incorporates by reference the allegations in Paragraph 1 to 11.

13.    Section 3(a)(1) of the WARN Act, 29 U.S.C. § 2102(a)(1) states, "An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order - (1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee...."

14.    CEMEX did not provide the affected employees or the representatives of the affected employees with notice of a mass layoff and permanent shutdown of the cement production sixty (60) days prior to permanently shutting down that plant facility.

15.    CEMEX ordered a permanent cessation of cement production which resulted in an employment loss as defined by WARN on the very day it sent written notice of the cessation of cement production to each representative of the affected employees.

16.    As a result of cessation of cement production, more than 100 employees lost their jobs permanently, and therefore suffered an employment loss within the meaning of 29 U.S.C. §2101(a)(6)(A).

17.    By failing to provide written notice of the cessation of cement production at the Wampum Plant to each affected employee or to each representative of the affected employees sixty (60) days prior to the cessation of cement production, CEMEX violated Section 3(a) of the WARN Act, 29 U.S.C. § 2102(a).

WHEREFORE, Plaintiff demand judgment against Defendant pursuant to 29 U.S.C. §2104 as follows:

a. An order declaring that CEMEX violated the WARN Act;

b. Back pay plus interest for each day of CEMEX's violation of the WARN Act for each affected employee up to the maximum of sixty (60) work days pursuant to Section 5(a)(1)(A) of the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

c. Benefits plus interest for each day of CEMEX's violation of the WARN Act for each affected employee up to the maximum of sixty (60) work days pursuant to Section 5(a)(1)(B) of the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

d. Reasonable attorneys fees pursuant to Section 5(6) of the WARN Act, 29 U.S.C. § 2104(a)(6); and

e. An order to pay in full plaintiff's costs of this action.

Respectfully submitted,

**Stember Feinstein Doyle Payne & Cordes**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa. I.D. #54874

245 Fort Pitt Boulevard
Pittsburgh, PA  15222
(412) 471-8500

Attorney for Plaintiff